IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JIBRIL L. IBRAHIM, #08587-007  aka GRANT ANDERSON, JR.  Plaintiff, | *  *  |
| v. | *   CIVIL ACTION NO. RDB-06-2628 |
| U.S. PAROLE COMMISSION, et al.,  Defendants. | *  |

\*\*\*\*\*\*

## MEMORANDUM OPINION

On October 5, 2006, Plaintiff filed the instant complaint. Paper No.1. Counsel for Defendant has filed a dispositive motion which is opposed. Paper Nos. 16 and 20. No hearing is needed to resolve whether Plaintiff is entitled to relief in this case. *See* Local Rule 105.6 (D. Md. 2004). For the reasons that follow, Defendants' dispositive motion, construed as a motion to dismiss, shall be granted.

**Background**

Plaintiff was sentenced to a term of eighteen years to life imprisonment in the District of Columbia Superior Court on October 27, 1988. Pursuant to the National Capitol Revitalization and Self-Government Improvement Act of 1997, [1] District of Columbia prisoners were placed under the authority of the Federal Bureau of Prisons. The United States Parole Commission ("Commission") became the paroling authority for those prisoners, effective August 5, 1998. *See* 28 C.F.R. § 2.70 (2000).

Plaintiff's initial parole hearing was held on October 11, 2000. Paper No. 16, Ex. 1. Plaintiff received a notice of action dated November 20, 2000, stating the Commission had denied him parole

---

[1] Pub. L. No. 105-33; *see also* 18 U.S.C. § 4202

and continuing parole consideration until February of 2003. On June 17, 2002, the Commission amended its previous decision and ordered a rehearing in December of 2002. The rehearing was held on October 8, 2002. On January 6, 2003, Plaintiff received a notice of action stating he was denied parole and a reconsideration hearing would be set in October of 2005. He was again denied parole following an October 25, 2005 hearing and notified that reconsideration would occur in October of 2008. Paper No. 16, Ex. 1.

In the instant action, Plaintiff claims a violation of due process with regard to the Commission's exercise of jurisdiction over D.C. prisoners and the post-hearing voting process. He further claims that the D.C. Revitalization Act and the Commission's procedures and release guidelines thereby violate the Ex Post Facto Clause. He also claims the denial of parole constitutes an Eighth Amendment violation and amounts to cruel and unusual punishment and the Revitalization Act violates his rights under the Americans with Disabilities Act and constitutes racial discrimination. Paper No. 1.

**Procedural History**

Plaintiff first challenged the 2000 denial of parole by filing a petition for writ of habeas corpus in the United States District Court for the Middle District of Pennsylvania in July of 2001. Paper No. 16, Ex. 2. In that case, he challenged (1) the denial of his statutory and regulatory right to have his parole hearing recorded and preserved, (2) the Commission's refusal to give him 24 months credit in determining his set off due to a delay in giving him an initial parole hearing, in violation of the Ex Post Facto Clause of the Constitution, and (3) the Commission's alleged violation of its regulations by not giving him credit for superior programming. *Id.* The Middle District of Pennsylvania denied the habeas petition on the merits on October 9, 2001. *Id.* Plaintiff's request

for a certificate of appealability was denied on September 17, 2002.  The Third Circuit Court of Appeals found that Plaintiff could not make the requisite showing for the certificate and further found no violation of due process or a liberty interest in parole release for a D.C. offender. *Id.*, Ex. 3.

Plaintiff next challenged the actions of the Commission by filing a civil rights action under 42 U.S.C. § 1983 in September of 2001 in the United States District Court for the Northern District of Ohio.  Plaintiff sought damages and injunctive relief against the United States, the Commission, and Otis Thomas, a hearing examiner.[2]  *Id.*, Ex. 4.  Plaintiff claimed Thomas failed to properly record his parole hearing and the Commission miscalculated guidelines, applied the wrong guidelines, counted convictions still under collateral attack, refused to give him 24 months credit to compensate for the delay in his initial parole hearing, refused to give him credit for superior programming, refused to reopen his case, and barred him from appealing its decision. *Id.*

The Ohio court *sua sponte* dismissed the action based on Plaintiff's failure to show that the Commission's decision to deny parole had been set aside in a habeas proceeding, citing *Heck v. Humphrey*, 512, U.S. 477, 486-87 (1994).  *See* Paper No. 3, *Ibrahim v. USPC*, RDB-03-3402 (D. Md. 2003).  The Sixth Circuit vacated the district court's order of dismissal and remanded the case for reconsideration in light of *Dotson v. Wilkinson*, 329 F. 3d 463 (6th Cir. 2003).[3]  *Id.,* Paper No. 5.

On remand, the United States District Court for the Northern District of Ohio transferred the

---

[2] Plaintiff has reiterated his claims against Otis Thompson in the instant case. Paper No. 1, Paragraphs 2 and 7.

[3] *Dotson* held that a § 1983 action may lie without a prior judgment in habeas corpus if the prisoner does not claim immediate entitlement to parole or seek a shorter sentence but instead challenges the procedures used during the parole process, "if that challenge will at best result in a new discretionary hearing the outcome of which cannot be predicted.."

case to this court. *See Civil* Action No. RDB-03-3402. Plaintiff thereafter filed an amended complaint under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents*, 402 U.S. 388 (1971) against the Commission, its Commissioners, and Hearing Examiner Thomas. *See Ibrahim v. USPC*, Civil Action No. RDB-03-3402, Paper No. 8. In this amended complaint Plaintiff restated some original claims, omitted others, and expanded his arguments that the Commission and its members violated his constitutional rights under the Due Process, Equal Protection, and Ex Post Facto Clauses. *Id.* Defendants' motion to dismiss was granted on June 10, 2004, on grounds that the Constitution does not create a protected liberty interest in the expectation of parole and therefore provides no basis to challenge parole review procedures on due process grounds. The undersigned also found Plaintiff had no equal protection claim and the doctrine of *res judicata* barred relitigation of his claims. *Id*.

Plaintiff's motion for reconsideration was denied on October 14, 2005, this Court finding that Plaintiff was "simply taking [the] opportunity to again argue his position that *res judicata* should not have been a bar to the claims raised." *Id*., Paper Nos. 26-27. The Fourth Circuit Court of Appeals denied Plaintiff's appeal and his petition for rehearing with suggestion for rehearing *en banc*. *Id*., Paper Nos. 28, 30, 31. Plaintiff's second motion for reconsideration was denied by this Court on September 12, 2006. *Id*., Paper Nos. 33-35.

Plaintiff next attempted to challenges his parole findings by filing a petition for habeas corpus relief in the United States District Court for the Middle District of Pennsylvania. *Ibrahim v. Pugh*, Civil Action No. 4: CV-03-1585. There, Plaintiff claimed, *inter alia,* that: (1) the Commission's decision to deny him parole violated his due process rights because his convictions and sentences were invalid; (2) the Commission's failure to notify him of their intention to use the

charge of "assault on a police officer while armed with a knife" to deny parole violated his due process rights; (3) the Commission violated the Ex Post Facto Clause in using its parole guidelines for D.C. offenders; (4) the Commission violated its regulations in the voting process; and (5) the Commission acted vindictively against Plaintiff because of his earlier litigation. Paper No. 16, Ex. 5. The District Court for the Middle District of Pennsylvania denied the petition on January 15, 2004, finding Plaintiff had no liberty interest in parole release protected by due process, the court had no jurisdiction to consider his challenges to his convictions and sentences, the Commission did not violate its regulation to the post-hearing voting process and did not violate due process by failing to give Plaintiff notice of the intention to use a serious assault offense in its decision-making, the Commission did not violate the Ex Post Facto Clause in using the guidelines for D.C. offenders, Plaintiff failed to carry his burden of proving that retrospective application of the guidelines created a significant risk of increasing his punishment, and Plaintiff's claim of vindictiveness was unsubstantiated. *Id*. Plaintiff's request for a certificate of appealability was denied by the Third Circuit Court of Appeals on November 6, 2004. *Id*., Ex. 6.

In September, 2005, Plaintiff filed a *Bivens* action in the Eastern District of North Carolina, claiming the Commission wrongly denied him parole. *Ibrahim v. USPC*, Civil Action No. 5-05-CT-640-H (E.D. N.C.). Paper No. 16, Ex. 7. That court dismissed the damage claim against the Commission as frivolous but permitted Plaintiff the opportunity to amend his claim to add the names of additional party defendants and proceed with his claims for injunctive relief. Plaintiff filed a motion to amend the caption, motion for reconsideration, and motion for change of venue. The court held Plaintiff's claims for damages against individual Commission members frivolous, relying on *Pope v. Chew*, 521 F.2d 400 (4th Cir. 1975) in finding that Commission members enjoy absolute

immunity from liability for decisions to grant or deny parole. *Id*. The court also dismissed Plaintiff's claims related to the ADA and damages under the Federal Tort Claims Act and found Plaintiff's remaining claims frivolous. Plaintiff's claim related to good time credits was dismissed as without merit and having no basis in fact. Plaintiff's claim concerning declaratory relief regarding due process violations was permitted to proceed. *Id*.

On January 30, 2007, the court granted Defendants' summary judgment motion and dismissed the complaint regarding the due process violation, the only remaining claim. *Id*., Ex. 9. The court noted Plaintiff's cases filed in the Middle District of Pennsylvania (*Ibrahim v. Pugh*, 4:CV-03-1585) and in this Court (*Ibrahim v. United States Parole Board Members*, Civil Action No. RDB-03-3402) and found that the *Bivens* action then pending raised issues concerning the same nucleus of fact and that it flew in the "face of judicial efficiency to allow Plaintiff to go from court to court challenging the same issues." *Id*. The court found the remaining challenges were barred by *res judicata* even as to those claims that could have been raised in prior cases but were not, and that no due process rights were violated.

Plaintiff next sought mandamus relief in this Court, claiming the Commission failed to respond to his request for parole file documents under the Freedom of Information Act. *See* Civil Action No. RDB-06-635. The petition was denied on September 12, 2006, this Court having found that Plaintiff had an adequate remedy at law, a civil action under the FOIA. *Id*.

Plaintiff again filed a petition for mandamus relief in this Court on May, 2006, this time against the Department of Justice and the Commission on the ground that the Commission had used erroneous information in his file to deny him parole. Plaintiff maintained that he was not the person named in the charging papers for one of this criminal convictions. *See* Civil Action No. RDB-06-

1187. This Court dismissed the Petition, finding that Plaintiff had failed to meet the requirements for mandamus relied and that he must seek relief on the claim in the Superior Court of the District of Columbia. *Id.*

Undeterred in challenging both his conviction and parole status, Plaintiff filed the instant case.

### Standard of review

A court reviewing a complaint in light of a Rule 12(b)(6) motion accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *See Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). Such a motion ought not to be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court, however, need not accept unsupported legal conclusions or pleaded facts, or conclusory factual allegations devoid of any reference to particular acts or practices. *See Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989); *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

A genuine issue of material fact exists if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). In making this determination, the evidence of the party opposing summary judgment is to be believed and all justifiable inferences drawn in his favor. *See Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 196 (4th Cir. 1997) (*citing Anderson,* 477 U.S. at 255). The non-moving party may not rest upon mere allegations or denials in his pleading, however, but must set forth specific facts showing that there is a genuine issue for

trial. *See Anderson*, 477 U.S. at 248; *Allstate Fin. Corp. v. Financorp, Inc.*, 934 F.2d 55, 58 (4th Cir. 1991). The "mere existence of a scintilla of evidence in support of ... plaintiff's position" is not enough to defeat a defendant's summary judgment motion. *Anderson*, 477 U.S. at 252.

**Analysis**

"Under *res judicata*, a final judgment on the merits bars further claims by the parties or their privies based on the same cause of action." *Montana v. United States*, 440 U. S. 145, 153 (1979) (citation omitted). The doctrine of *res judicata* encompasses two concepts: claim preclusion, as well as issue preclusion, or collateral estoppel. *See In re Varat Enters., Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996). (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). The doctrine of *res judicata* contemplates, at a minimum, that courts not be required to adjudicate nor defendants to address successive actions arising out of the same transaction and asserting breach of the same duty. *See Nilsen v. City of Moss Point, Miss.,* 701 F.2d 556, 563 (5th Cir. 1983). For a prior judgment to bar an action on the basis of *res judicata,* the prior judgment must be final, on the merits, and rendered by a court of competent jurisdiction in accordance with due process; the parties in the two actions must be either identical or in privity; and the claim in the second action must be based upon the same cause of action involved in the earlier proceeding. *See Grausz v. Englander*, 321 F.3d, 467, 472 (4th Cir. 2003). The bar applies not only to issues which were raised in the earlier action but also to issues that could have been raised in the earlier action. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980).

Federal courts have adopted the "transaction test" to determine the identity of the causes of action. *See Adkins v. Allstate Ins. Co.,* 729 F.2d 974, 976 (4th Cir. 1984). Under this test, claims are considered a part of the same cause of action when they arise out of the same transaction or series of transactions. In determining whether the causes of action stem from the same transaction

or series of connected transactions, courts consider such pragmatic factors as "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *See* Restatement (Second) of Judgments § 24(2) (1982). Claims may also arise out of the same transaction or series of transactions even if they involve different harms or different theories or measures of relief. *Id*. The doctrine of *res judicata* has been adopted to promote judicial efficiency and to foster a reliance on adjudication by putting an end to a cause of action once it has been litigated. *See U.S. v. Tatum*, 943 F. 2d 370, 381 (4th Cir. 1991).

Comparing Plaintiff's past filings with the present action, the Court finds that Plaintiff's claims arise out of the same transactions or occurrences. Indeed, it appears Plaintiff continues to re-characterize his complaint due in large part to a strong disagreement with the determinations made by this and other courts in denying him relief. The *res judicata* implications of these facts are clear and the Court shall not revisit the claims in light of the estoppel effect of the prior ruling.

For the foregoing reasons, Defendants' Motion to Dismiss is granted and the Complaint is dismissed. A separate Order follows.

Date:   October 31, 2007              /s/
                                      RICHARD D. BENNETT
                                      UNITED STATES DISTRICT JUDGE